**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ANTHONY JOSEPH MUCCIOLO,**

**Plaintiff,**

**v.** **Case No: 6:26-cv-615-CEM-DCI**

**TRANS UNION LLC,**

**Defendant.**

________________________________________/

**ORDER**

The Court has entered an Order on Discovery Motions in this case and requires the parties to meet and confer in person or via telephone in an effort to resolve discovery disputes before seeking court intervention. Doc. 7 at 1. The Court has also entered a Case Management and Scheduling Order (CMSO), which provides: "The parties' pretrial meeting may occur in person, by telephone, or by video conference. Conference solely by e-mail or text message is insufficient." Doc. 19 at 6.

Pending before the Court is Plaintiff's "Unopposed Motion for Disability Accommodation and Rule 16(c) Case-Management Order." Doc. 23 (the Motion). Plaintiff states that he is "deaf and hearing-impaired and proceeds pro se, [and] respectfully moves - under the Court's authority to ensure meaningful access to its proceedings and to manage this case under Federal Rule of Civil Procedure 16(c) - for a disability accommodation and entry of a case-management order." *Id.* at 1. Plaintiff represents that "[n]one of the real-time oral methods provides Plaintiff effective communication in this matter: in-person conferral with Defendant's Miami counsel is impractical; Plaintiff's only telephone option, CapTel captioned-telephone service, does not reliably or accurately caption complex legal discussion; and Plaintiff has no-captioned-video option." *Id.*

Plaintiff, therefore, requests that the Court "enter a case-management order under Rule 16(c) recognizing that a documented written exchange satisfies the conferral requirement as his effective-communication accommodation." *Id*. at 2. Additionally, Plaintiff moves for the Court to direct Defendant to respond to Plaintiff's written conferral "substantively within seven days," and that Plaintiff be provided with Communication Access Real-time Translation captioning when a hearing or proceeding is set before the Court. *Id*.

The motion is due to be granted in part. With respect to the Court's Order on Discovery Motions, the parties are relieved of the requirement that the conferral must be conducted in-person or via telephone. The parties shall still confer, but may conduct conferral via written exchange in the event a discovery dispute arises. Further, if the Court conducts a hearing or proceeding, then the Court will provide Plaintiff with Communication Access Real-time Translation.

However, Plaintiff's request for an order setting a deadline for Defendant's response is denied. As stated in the Middle District of Florida's Civil Discovery Handbook (2021), "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."[1] Section I(A)(1) (http://www.flmd.uscourts.gov/pro_se/default.htm). "The term 'confer' in Rule 3.01(g) means a substantive discussion. Counsel must respond promptly to inquiries and communication from opposing counsel." *Id*. at Section I(A)(2) (emphasis added). Local Rule 3.01(g)(2) also sets forth a procedure for when the opposing party is unavailable for conferral. The Court does not find that relief regarding the time to respond is warranted.

Further, the Court is not persuaded that a "case-management order" is necessary in addition to this order or that Plaintiff requires relief from the CMSO. It seems Plaintiff's only issue with

---

[1] According to the handbook, "[p]arties who represent themselves ('pro se') will find the handbook useful as they are also subject to the rules and court orders and may be sanctioned for non-compliance."

the CMSO is the conferral requirement related to the pretrial meeting, and Plaintiff states that he "does not by this motion seek to alter the format of the pretrial meeting under the Case Management and Scheduling Order [Doc. 19 § VII], which the parties may address by an appropriate accommodation nearer that deadline." Doc. 23 at 2. If Plaintiff requires future relief with respect to the CMSO, then Plaintiff may file an appropriate motion.

Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion (Doc. 23) is **GRANTED in part** to the extent that:
    a. if a discovery dispute arises, the parties may confer via written exchange in a good faith effort to resolve the dispute before seeking court intervention. The Order on Discovery Motions (Doc. 7) otherwise remains in effect;
    b. the Clerk shall provide Plaintiff with Communication Access Real-time Translation if the Court sets a hearing or proceeding; and
2. the remainder of the Motion (Doc. 23) is **DENIED without prejudice**. If Plaintiff requires additional relief from the CMSO or the Order on Discovery Motions, then Plaintiff may file an appropriate motion with respect to that relief. *See* Local Rule 3.01(b).

**ORDERED** in Orlando, Florida on August 19, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties