**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ANTHONY JOSEPH MUCCIOLO,**

**Plaintiff,**

**v.** **Case No: 6:26-cv-615-CEM-DCI**

**TRANS UNION LLC,**

**Defendant.**

______________________________________/

# ORDER

Plaintiff has filed a "Short-Form Motion to Compel Production Withheld on Confidentiality Grounds and for Entry of the Tendered Protective Order Under Rule 26(c)(1)(G)" (Motion to Compel and for Protective Order, Doc. 27) and "Short-Form Motion to Compel Verified Answers to Plaintiff's First Amended First Interrogatories" (Doc. 28, Motion to Compel Verified Answers) (collectively the Motions).

The Motions are due to be denied as deficient. Specifically, Plaintiff did not sign the Motions in accordance with Federal Rule of Civil Procedure 11. Rule 11(a) provides: "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. . .." A typewritten signature does not satisfy Rule 11(a). *Becker v. Montgomery*, 532 U.S. 757, 764 (2001) ("Without a rule change so ordering, the Court is not disposed to extend the meaning of the word 'signed' to permit typed names, as [the plaintiff] urges. Rather the Court reads Civil Rule 11(a) to call for a name handwritten (or a mark handplaced)."); *see also Nwala v. Equifax Info. Servs. LLC*, 2026 WL 817454, at *6 (M.D. Fla. Mar. 25, 2026) ("Pursuant to Fed.R.Civ.P. 5 and 11, should [the plaintiff] file an amended complaint, he is directed to provide a handwritten signature.").

Although parties authorized by the Court to file electronically may electronically sign documents, Plaintiff has not been granted electronic access to file in CM/ECF in this case. The Court's Administrative Procedures for Electronic Filing can be found on the Court's website, www.flmd.uscourts.gov, under "Filing a Case" and then selecting "Administrative Procedures for Electronic Filing (PDF)." Further, Local Rules 1.08(a), (b) provides for the typographical requirements for pleadings, motions, and other papers, and Plaintiff violates those requirements. *See* Docs. 27, 28.

Accordingly, the Motions are deficient and will be denied without prejudice. Also, with respect to Plaintiff's Motion to Compel Verified Answers, the Court notes that Defendant takes issue with Plaintiff's representations regarding conferral, and the Court has determined that continued conferral on a confidentiality agreement might be beneficial. *See* Doc. 29. Accordingly, if Plaintiff intends to refile the request for relief in accordance with the Local Rules and Rule 11, then Plaintiff must confer again with Defendant to attempt to resolve or narrow the dispute.

Finally, Defendant moves for relief from the Court within the Responses to the Motions. Docs. 29, 30. In the Motion to Compel and for Protective Order, Plaintiff moves for entry of the protective order attached as Exhibit A. Docs. 27, 27-1. In the Response, Defendant "requests entry of an Order approving Defendant's Proposed Agreement, clean copy attached as Exhibit 2." Doc. 29 at 2. Defendant also requests leave to file a memorandum if "the Court is inclined to consider Exhibit A's remaining terms." *Id.* Further, in the Response to the Motion to Compel Verified Answers, Defendant requests leave to file a short memorandum and submit a declaration of counsel if the Court requires further explanation on the circumstances surrounding Defendant's delay in responding to discovery. Doc. 30 at 3. Other than the requests for additional briefing, Defendant's requests for affirmative relief are improperly included within the Responses. *See*

Local Rule 3.01(b) and Federal Rule of Civil Procedure 7(b). If Defendant requests relief from the Court, Defendant must file a proper motion in compliance with Local Rule 3.01(b), (g) or the Order on Discovery Motions, if applicable.

Accordingly, it is **ORDERED** that:

1. the Motion to Compel and for Protective Order (Doc. 27) is **DENIED without prejudice**;
2. the Motion to Compel Verified Answers (Doc. 28) is **DENIED without prejudice**;
3. if Plaintiff refiles the requests to compel and for entry of a protective order after proper conferral, the parties need not comply with the Order on Discovery Motions as to those motions and may file the motion and response in accordance with the length, time, and content requirements of Local Rule 3.01(b), (c), and (d);[1] and
4. Defendant's requests for relief included within the Responses (Docs. 29, 30) are **DENIED without prejudice**.

**ORDERED** in Orlando, Florida on October 6, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

[1] Otherwise, the Order on Discovery Motions remains in effect.