**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ANTHONY JOSEPH MUCCIOLO,**

**Plaintiff,**

**v.** **Case No: 6:26-cv-615-CEM-DCI**

**TRANS UNION LLC,**

**Defendant.**
_______________________________________/

# ORDER

Pending before the Court are Plaintiff's motions to compel responses to discovery requests, motion to determine sufficiency of discovery responses, and motion for protective order. Docs. 32, 33, 34, 40. Defendant has filed responses, and it appears that the parties have resolved some of the disputes through continued conferral and supplementation. Docs. 38, 39, 41. Namely, with respect to Plaintiff's "Motion to Compel Rule 34(b)(2)(C) Statements and Complete Responses" (Doc. 32) and "Renewed Motion to Compel Answers Under Oath to his First Interrogatories" (Doc. 34) (collectively, the Motions to Compel), Defendant asserts that it has served answers to certain interrogatories and amended responses to the requests for production at issue. Doc. 38. Defendant represents that the requests for relief are moot except for a limited objection. *Id.* As such, either Plaintiff no longer requires judicial intervention, or Plaintiff's request has been significantly reduced, and the remaining scope of the relief is no longer clearly stated for the Court's consideration. If Plaintiff disagrees with Defendant and contends that a dispute still exists, Plaintiff may renew the request for the relief following conferral with Defendant on the remaining issues.

Also, Plaintiff filed a "Motion to Determine the Sufficiency of [Defendant's] Answers to Second Set of Requests for Admission 33, 34, 92, 93, 94, 110 and 111" (Doc. 40, the Motion to Determine Sufficiency), to which Defendant filed a response in opposition. Doc. 41. Plaintiff, however, has since filed a notice of "partial resolution and partial withdrawal" of the Motion to Determine Sufficiency. Doc. 42 (the Notice). Plaintiff states that Defendant has provided supplemental responses as to five of the requests for admission and Plaintiff withdraws the Motion to Determine Sufficiency as to one request. Doc. 42. Accordingly, the request for relief is largely moot, and the only dispute relates to Plaintiff's Request for Admission No. 111. *Id*. at 3.

And turning to the remaining request for admission, the Court is not satisfied that it understands the nature of the requested relief based on the parties' ongoing conferral and Plaintiff's supplemental statements. The request for admission and response are as follows:

> **REQUEST FOR ADMISSION NO. 111:** Trans Union's procedures for the Bankruptcy Item did not include verifying the published value "2503164" against the records of the United States Bankruptcy Court before publication.
>
> **RESPONSE:** Trans Union incorporates its objection to the definition of "Bankruptcy Item." Trans Union incorporates its objection to the definition of "Publish." Trans Union specifically objects to this Request on the ground that "procedures for the Bankruptcy Item," "verifying," and "before publication" are vague and ambiguous. Trans Union further objects to this Request on the ground that it seeks a legal conclusion and purports to impose obligations upon Trans Union beyond those set forth under the FCRA. Subject to, and without waiving the foregoing General and Specific Objections, Trans Union states it verified the disputed public record bankruptcy item through the court's electronic database PACER. Trans Union otherwise denies this Request as phrased.

Doc. 40-4 at 8.

In the Motion to Determine Sufficiency, Plaintiff asserts that the Court should direct Defendant to supplement the response because the answer did not specify the part admitted.

Doc. 40 at 2. Defendant filed a response (Doc. 41), and Plaintiff now states in the Notice that the parties conferred and Defendant "reads 'published' and 'publication' in Request 111 as 'implying reporting to a third-party[,]" and "Plaintiff accepts that reading for Request 111." Doc. 42 at 3. Even so, Plaintiff also states that Defendant stands on its response and Plaintiff "maintains" that he is entitled to an amended answer and for the Court to overrule "the objections to it." *Id*. at 3.

Based on the foregoing, what remains of the dispute is not entirely clear. Specifically, Plaintiff's initial request for relief relates to a lack of specificity and not an "objection," and the relevance of Defendant's "reading" of the two terms to Plaintiff's position is unknown. The Court, therefore, cannot ascertain the parameters of Plaintiff's remaining request for relief, and Defendant's response does not assist the Court. Plaintiff, however, may renew the request pursuant to Local Rule 3.01(b), (g), and Defendant may respond pursuant to Local Rule 3.01(c), (d).

Finally, Plaintiff has filed a "Renewed Motion to Compel Production Withheld on Confidentiality Grounds and for Entry of a Protective Order" (Doc. 33, the Motion for Protective Order) and has attached a proposed order. Doc. 33-1 (the Proposed Order). Plaintiff seeks entry of the Proposed Order "to govern designation of material produced in this action" and requests that the Court compel production of documents withheld on confidentiality grounds. Doc. 33 at 1 to 3. Defendant has filed a response, and it seems that the parties agree that a confidentiality agreement or protective order should be in place, but there remains a dispute as to the specific provisions. Docs. 33 at 1, Doc. 39 at 1. Defendant objects to entry of the Proposed Order because certain provisions "forfeit protection

automatically or reach beyond this litigation," and requests that the Court deny entry as currently drafted. Doc. 39.

Upon due consideration, the Court finds that Plaintiff's request for relief (Doc. 33) is due to be granted in part to the limited extent that the Court will enter a confidentiality order that will govern in this case. The remainder of the request for relief is due to be denied without prejudice as Defendant represents that there are standing objections outside of confidentiality. Plaintiff may renew the request for relief to the extent one exits after the Court enters the confidentiality order and the parties engage in conferral on any remaining dispute.

Accordingly, it is **ORDERED** that:

1. the Motions to Compel (Docs. 32, 34) are **DENIED as moot** based on Defendant's Response (Doc. 38). Plaintiff, however, may renew the request for relief pursuant to the Order on Discovery Motions (Doc. 7) to the extent Plaintiff contends that a discovery dispute remains;
2. the Motion for Protective Order (Doc. 33) is **GRANTED in part** to the extent the Court will separately enter a confidentiality order that will govern this case. The remainder of the Motion for Protective Order (Doc. 33) is **DENIED without prejudice**. Plaintiff, however, may renew the request for relief pursuant to the Order on Discovery Motions (Doc. 7) to the extent Plaintiff contends that a discovery dispute remains; and
3. the Motion to Determine Sufficiency (Doc. 40) is **DENIED as moot** to the extent the parties resolved the dispute at issue or Plaintiff withdrew the request for relief. The remainder of the request for relief (Doc. 40) is **DENIED without prejudice**.

Plaintiff, however, may renew the request for relief pursuant to Local Rule 3.01(b), (g) to the extent Plaintiff contends that a discovery dispute remains. Defendant may respond to the renewed request pursuant to Local Rule 3.01(c), (d).

**ORDERED** in Orlando, Florida on November 18, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties